UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HLL BARENTS SCHIFFAHRTSGESELLSCHAFT mBH & CO. KG | * | CIVIL ACTION |
| | * | NO. 10-2059 |
| VERSUS | | |
| | * | SECTION |
| STOLTHAVEN NEW ORLEANS, L.L.C. AND KOLMAR AMERICAS, INC. | * | JUDGE |
| * * * * * * * * * | * | MAG. |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, HLL Barents Schiffahrtsgesellschaft mbH & Co. KG, and for its Verified Complaint against defendants, Stolthaven New Orleans, L.L.C. and Kolmar Americas, Inc., brings a cause of action both civil and maritime in nature, and avers upon information and belief as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 U.S.C. §1333.

1

II.

This Court also has jurisdiction in this matter based on diversity of citizenship, pursuant to 28 U.S.C. §1332, as the parties are all citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

III.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a), because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

IV.

At all times material hereto, plaintiff, HLL Barents Schiffahrtsgesellschaft mbH & Co. KG ("HLL Barents") was and still is a corporation or other legal entity duly organized, created and existing pursuant to the laws of a nation other than the United States, and was at all times material hereto the owner of the M/V MCT ALTAIR.

V.

At all times material hereto, defendant, Stolthaven New Orleans, L.L.C. ("Stolthaven"), was and now is, a limited liability company organized and existing pursuant to the laws of the State of Louisiana, with an office and place of business at 2444 English Turn Road, Braithwaite, Louisiana and which is doing business within the jurisdiction of this Honorable Court.

VI.

At all times material hereto, defendant, Kolmar Americas, Inc. ("Kolmar"), was and still is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Connecticut, which is registered to do and doing business in the State of Louisiana within the jurisdiction of this Honorable Court. At all material times Kolmar was the shipper of a cargo said to be about 5,245.401 mt of Styrene Monomer in bulk.

VII.

On or about 24 July 2009, the M/V MCT ALTAIR commenced loading a cargo said to be Styrene Monomer at Stolthaven's facility in Braithwaite, Louisiana, which cargo had been supplied by the shippers, Kolmar. Stolthaven undertook to load said cargo of Styrene Monomer in bulk for carriage on board the M/V MCT ALTAIR from the Port of New Orleans, Louisiana to the Port of Antwerp, Belgium.

VIII.

Prior to the vessel's arrival at Stolthaven's terminal in Braithwaite, all of the vessel's cargo lines were thoroughly flushed and cleaned and were in suitable condition for the loading of the cargo of Styrene Monomer. The allocated vessel's cargo tanks had been cleaned, inspected and found to be suitable for the loading of the cargo in question.

IX.

Prior to loading, samples were taken, *inter alia*, at the ship's manifold. Upon inspection of these samples, the master of the M/V MCT ALTAIR was of the belief that the samples were not consistent with good quality product and therefore suspended

further loading, and the master placed Stolthaven on notice regarding possible contamination of the product. The samples were analyzed under the direction of the shippers, Kolmar, who approved the cargo for loading on board the M/V MCT ALTAIR.

X.

Subsequent to the loading of the cargo said to be Styrene Monomer in bulk clean on board bill(s) of lading was/were issued on behalf of the master of the M/V MCT ALTAIR by the local agents based upon quantity, measurement, weight and quality supplied to said agents by the shippers, Kolmar.

XI.

The M/V MCT ALTAIR arrived in Antwerp, Belgium on or about 19 August 2009. Upon arrival, additional samples of the cargo of Styrene Monomer were taken and the receivers of the cargo claimed that the cargo was contaminated with benzene.

XII.

As a consequence, the cargo receivers declined to accept the cargo unless they were given a substantial depreciation in the value of the cargo. Additionally, the owner of the M/V MCT ALTAIR was required to place security in favor of the receivers in the amount of U.S.$4.2 million in order to avoid the arrest and detention of the M/V MCT ALTAIR at Antwerp, Belgium.

XIII.

HLL Barents avers that the shippers, Kolmar, had a legal and a contractual duty to HLL Barents and to the M/V MCT ALTAIR pursuant to, *inter alia*, the bill(s) of lading to provide cargo which is fit, seaworthy and in all respects met the specifications claimed

4

and provided to the carrier by Kolmar for inclusion on the bill(s) of lading; and that Stolthaven, as terminal operator, had a duty to exercise due care of said cargo prior to and during cargo loading operations.

XIV.

HLL Barents alleges that Kolmar was negligent and failed to exercise due care and breached its contractual obligations to HLL Barents and the M/V MCT ALTAIR in that Kolmar failed to provide a cargo of Styrene Monomer as described on the bill(s) of lading, which was within specification and which was not contaminated with benzene for carriage on board the M/V MCT ALTAIR from the Port of New Orleans to the Port of Antwerp.

XV.

HLL Barents further alleges that Stolthaven was negligent and failed to exercise due care in that Stolthaven failed in its duties as a terminal operator. Stolthaven's acts of negligence include the following non-exclusive list of particulars:

(a) failure to ensure that it exercised due care;

(b) failure to perform its duties in a workmanlike fashion; and/or

(c) failure to prevent damage and/or contamination to be sustained by the cargo of Styrene Monomer while in its care, custody and control.

XVI.

HLL Barents was required to place security in the amount of $4.2 million in order to avoid the arrest and / or detention of the M/V MCT ALTAIR at Antwerp, Belgium, and a claim has been made against HLL Barents in the amount of $1,675,586.41. HLL

Barents has also incurred survey fees and costs in connection with this incident in the approximate amount of $46,429.36, and expects to either be made a defendant in a civil action or be made a party to an arbitration by cargo interests.

XVII.

HLL Barents brings this action for negligence, lack of due care, breach of contract, both expressed and implied, breach of implied warranty of workmanlike performance, and for indemnification, contribution and/or recovery against Stolthaven and Kolmar on its own behalf, and of that of its agents and servants, and on behalf of the interests of those who may have or may acquire an interest in said losses and damages as their respective interests may ultimately appear.

XVIII.

All and singular the premises of this complaint are true and correct and within the jurisdiction of this Honorable Court. Plaintiff reserves the right to amend any and all of the foregoing articles of this complaint.

WHEREFORE, the premises considered, HLL Barents Schiffahrtsgesellschaft mbH & Co. KG prays that:

1)   Process in due form of law issue against defendants, Stolthaven New Orleans, L.L.C. and Kolmar Americas, Inc., citing them to appear and answer this complaint;

2)   The Court order, adjudge and decree that defendants, Stolthaven New Orleans, L.L.C. and/or Kolmar Americas, Inc. pay to plaintiff, HLL Barents Schiffahrtsgesellschaft mbH & Co. KG, the damages, losses and expenses suffered by it,

and should HLL Barents Schiffahrtsgesellschaft mbH & Co. KG be found liable to the cargo receivers and /or to the charterers of the vessel by way of a judgment, arbitration award or settlement, then in that event, HLL Barents Schiffahrtsgesellschaft mbH & Co. KG be entitled to recovery over, contribution and/or indemnity from defendants for any and all sums which plaintiff may be required to pay, together with interest, costs and attorneys' fees; and

3)  HLL Barents Schiffahrtsgesellschaft mbH & Co. KG have such other and further relief as justice and equity may require.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ E. Carroll Rogers

E. Carroll Rogers #11421
crogers@mrsnola.com
Emily Stevens Hardin #27653
ehardin@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
*Attorneys for* HLL Barents
Schiffahrtsgesellschaft mbH & Co. KG

**PLEASE SERVE:**

STOLTHAVEN NEW ORLEANS, L.L.C.
Through its Agent for Service of Process
Mr. A. Ault Hootsell, III
365 Canal Street, Suite 2000
New Orleans, LA   70812

KOLMAR AMERICAS, INC.
Through its Agent for Service of Process
HIQ Corporate Services, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA  70816

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, a notary public duly commissioned and qualified, personally came and appeared:

**E. CARROLL ROGERS**

who, after being duly sworn, did depose and say that:

She is an attorney at law and is a member of the firm of Murphy, Rogers, Sloss & Gambel and is the attorney of record for plaintiff, HLL Barents Schiffahrtsgesellschaft mBH & Co. KG, herein;

She has read the above and foregoing Verified Complaint and knows the contents thereof, and that the same are true and correct to the best of her knowledge, information and belief, the sources of information and grounds for the belief being material contained in her file and furnished to her by her client; and

The reason she makes this Verification, which she is authorized to do by plaintiff, is that the plaintiff is a foreign corporation, no officers of which can be found within the district.

_____
E. CARROLL ROGERS

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 22ⁿᵈ DAY
OF July, 2010.

_____
NOTARY PUBLIC
Donald R. Wing       (Bar No. 29486)